UNITED STATES of America,
Plaintiff–Appellee,

v.

Wallace D. ARCHDALE, Defendant–
Appellant.

No. 99–30297.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2000.

Filed Oct. 4, 2000.

Kelly J. Varnes, Hendrickson, Everson, Noennig & Woodward, P.C., Billings, Montana, for the defendant-appellant.

Klaus P. Richter, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

Before: FLETCHER and TASHIMA, Circuit Judges, and DUPLANTIER, District Judge.[1]

DUPLANTIER, District Judge:

Wallace Archdale, a Native American, appeals his conviction and sentence for two counts involving sexual activity with a minor on the Fort Peck Indian Reservation.

1. The Honorable Adrian G. Duplantier, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

## BACKGROUND

Appellant Archdale lived within the Fort Peck Indian Reservation with Grace Devereaux, their four sons, and her daughters J.K.[2] and Timberly Devereaux. During November 1997, Grace Devereaux left home for several days; appellant remained with the children. J.K., who was twelve years old, testified to the following activity by appellant on two of the nights while her mother was away.

Appellant called J.K. into his bedroom, where he told her to "suck his thing."[3] She complied only after appellant repeated his demand several times. Appellant grabbed her head and moved it up and down on his "thing." The following night appellant again called her into his bedroom. He told her to lock the bedroom door, and she did so. He removed his clothes, and she "sucked his thing" after he told her to do so. Appellant told her to take off her clothes and lie down on the bed. She followed appellant's instructions, and he then grabbed her hand above her head and got "on top" of her. He touched her on the chest and on her "privates", and "put his thing inside" her.

When Grace Devereaux returned home, J.K. told her what appellant had done to her.

Following a jury trial, appellant was convicted on both counts of the indictment, one charging sexual abuse of a minor in violation of 18 U.S.C. §§ 1153 (1994) and 2243(a) (1994) and the second engaging in abusive sexual contact with a minor in violation of 18 U.S.C. §§ 1153 (1994) and 2244(a)(3) (1994). The district judge sentenced Archdale to a 180–month term of imprisonment on the sexual abuse of a minor count and to a 24–month term of imprisonment for the abusive sexual contact count, the sentences to be served consecutively.

Appellant seeks to vacate his convictions based upon a gallimaufry of claimed erroneous evidentiary rulings and because there is insufficient evidence to support the convictions.

Appellant also appeals the sentences imposed by the district judge; he contends that the district judge erred in applying a cross-reference to determine the offense level for count 1, in "double counting" the element of force in determining the offense level for count 1, in applying a vulnerable victim enhancement in determining the offense level for counts 1 and 2, and in imposing consecutive sentences on the two counts. We have jurisdiction of this appeal under 28 U.S.C. § 1291(1988) and 18 U.S.C. § 3742(a) (1988), and we affirm.

## CHALLENGES TO THE CONVICTION

### 1. Admission of Hearsay

Appellant urges that the district judge erred in admitting hearsay during the testimony of Grace Devereaux, the victim's mother. Devereaux testified that J.K. told her "dad make me suck his ... [c]ock." Appellant's counsel did not object at trial to the admission of this testimony. He claims, however, that he preserved his objection to the testimony by filing a pretrial motion in limine. The district judge never ruled on the motion in limine.

■ Appellant's contention that the mere filing of a motion in limine preserves for appeal the issue of the admissibility of the evidence to which the motion is directed is without merit. Absent a thorough examination of the objection raised in the motion in limine and an explicit and definitive ruling by the district court that the evidence is admissible, a party does not preserve the issue of admissibility for appeal absent a contemporaneous objection. *Cf. United States v. Lui,* 941 F.2d 844, 846 (9th Cir.1991) (holding that an in limine motion preserves an issue for appeal only

---

**2.** We use the initials "J.K." to protect the identity of the minor victim.

**3.** At appellant's trial, J.K. identified the "thing" by pointing to a penis on an anatomical diagram.

if the ruling is "explicit and definitive") (citing *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir.1986)). "We do not review an issue not raised or objected to below except to prevent a manifest injustice." *Professional Seminar Consultants, Inc. v. Sino American Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472 (9th Cir.1984).

■ J.K.'s statement to her mother did not introduce any new evidence to the jury. It was cumulative of the testimony of J.K. and Dr. Johnson, the pediatrician who examined J.K. after the abuse was reported. J.K. testified that she had oral sex with appellant twice after he instructed her to do so. Dr. Johnson testified without objection that J.K. told her that appellant "had her suck on his penis." The challenged testimony is very similar to other testimony; there is no showing of manifest injustice.

■ Appellant also contends that the district judge improperly admitted the testimony of the victim's sister, Timberly Devereaux, that J.K. told her something had happened to her. The prosecutor asked Timberly "did something happen to somebody else in the house?" Timberly replied, "My sister." After the witness answered, appellant's counsel objected to the question "unless she can speak of her own personal knowledge." The district judge overruled the objection, stating that "she can answer that yes or no." The prosecutor continued his examination of Timberly: "[y]ou can answer. I think something happened to—who did you say?" Timberly replied, "My sister." When the prosecutor asked Timberly how she knew this, Timberly answered "[b]ecause she told me." Defense counsel never renewed the objection and did not ask for a limiting instruction. Therefore, the objection was waived. It is noteworthy that thereafter the prosecutor stressed that the witness should not testify about "what your sister told you" and that it then became clear that the victim's sister did in fact "speak of her own knowledge"

that "something happened to my sister." Timberly shared a bedroom with J.K. and witnessed appellant waking up J.K. and taking her into his bedroom, where she remained "all night," with the door closed.

■■ Not even the improper admission of hearsay testimony over a timely objection requires reversal of a conviction unless "there is a reasonable possibility that the improperly admitted evidence contributed to the conviction." *Schneble v. Florida*, 405 U.S. 427, 432, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). "The error is harmless if it is more probable than not that the prejudice resulting from the error did not materially affect the verdict." *Lui*, 941 F.2d at 848.

The sister's testimony that J.K. told her that "something happened to her" did not describe what happened and did not introduce any new facts to the jury. There is no reasonable possibility that this testimony contributed to the conviction.

## 2. Leading Questions

Appellant contends that the district judge improperly permitted the government to ask leading questions during the direct examinations of J.K. and Timberly. This contention lacks merit.

■ We review for abuse of discretion the decision of the district court to permit the use of leading questions. *See United States v. Castro–Romero*, 964 F.2d 942, 943 (9th Cir.1992). A district court will be reversed on "the basis of improper leading questions only if 'the judge's action ... amounted to, or contributed to, the denial of a fair trial.'" *Id.* (quoting *Miller v. Fairchild Indus. Inc.*, 885 F.2d 498, 514 (9th Cir.1989) (internal quotation omitted)).

■ The use of leading questions on direct examination is not always improper. Rule 611(c) of the Federal Rules of Evidence permits the use of leading questions on direct examination "as may be necessary to develop the witness' testimony."

The 1972 Advisory Committee Note to Proposed Rule 611(c) recognizes that the use of leading questions on direct examination of a child witness is an acknowledged exception to "the traditional view that the suggestive powers of the leading question are as a general proposition undesirable."

■ On two occasions appellant objected to the use by the government of anatomical diagrams to assist J.K. in her testimony. The prosecutor asked J.K. to identify on an anatomical diagram the "thing" appellant told her to suck; at a different time he asked her to identify on the anatomical chart the parts of her body appellant touched. The district judge overruled appellant's leading objections in both instances. We agree with those rulings. "The court may permit a child to use anatomical dolls, puppets, drawings, mannequins, or any other demonstrative device the court deems appropriate for the purpose of assisting a child in testifying." 18 U.S.C. § 3509(*l*) (1994). Because she was under the age of 18 and alleged to be a victim of a crime of sexual abuse, J.K. was a "child." 18 U.S.C. § 3509(a)(2)(A) (1994). The district judge witnessed J.K.'s testimony; his conclusion that the use of the anatomical diagrams would assist J.K. in testifying is entitled to deference. The district judge did not err in permitting the prosecution to use the diagrams to assist J.K. in testifying.

■ Appellant also contends that the district judge improperly permitted the government to "lead" J.K. throughout her direct examination. Except as to those questions to which he objected at trial, appellant has waived his objection; we will not review this issue except to prevent a manifest injustice. See *Professional Seminar Consultants, Inc.*, 727 F.2d at 1472.

■ Contrary to appellant's assertion, leading questions were necessary to develop J.K.'s testimony. J.K. failed to respond to seven of the prosecutor's questions seeking specific details concerning the abuse. On four of those occasions the prosecutor asked J.K. if she was "okay." J.K.'s failure to respond coupled with the prosecutor's reaction to her silence demonstrates that J.K. was having difficulty testifying about this very personal matter. Moreover, the district judge had the opportunity to witness J.K.'s demeanor on the witness stand.

In the entirety of her testimony, there is nothing to suggest that the use of leading questions caused J.K. to testify untruthfully concerning appellant's actions toward her. No manifest injustice occurred; we defer to the decision of the district judge not to *sua sponte* restrict the use of leading questions.

Appellant also contends that the district judge erred in permitting the prosecutor to use leading questions during his examination of Timberly Devereaux. Because appellant failed to object contemporaneously to the leading nature of any questions put to Timberly, he has waived this issue.

### 3. *Impeachment*

■ Appellant testified at his trial. He contends that the district judge permitted improper "impeachment evidence" to be introduced during his cross-examination. "Evidentiary rulings are reviewed for an abuse of discretion, and should not be reversed absent some prejudice." *United States v. Beltran*, 165 F.3d 1266, 1269 (9th Cir.), *cert. denied*, 528 U.S. 881, 120 S.Ct. 194, 145 L.Ed.2d 163 (1999).

During the cross-examination of appellant the following questioning occurred:

Q. Now, these children that we've heard about, let's just go back to January of 1998. What children stayed with you since that time?

A. What children have stayed with me since that time?

Q. H-m h-mm.

A. Well, from January '98 I had all four of my boys.

Q. Were they with you continuously or did they go somewhere else on occasion?

A. After January '98?

Q. Yeah.

A. Occasionally I send my boy Tex out to the farm with his uncle on the weekend.

Q. They go into any other foster homes anywhere along the line?

Appellant's counsel objected stating "this is not relevant to the case here." The government responded that the testimony "[g]oes to his credibility." The district judge overruled the objection. The prosecutor then elicited the following testimony without objection:

A. My kids were not put into foster care until April. So you asked me after January. I told you they were all there. Occasionally he went to my uncle's, I would let Tex go down there.

Q. April of what year?

A. Of '99.

Q. Of this year?

A. Of '98. April of '98 because I never got in trouble with social services until April.

Q. But you got in trouble with them and your kids were taken away for a short period anyway.

A. Yes.

Q. And you were drinking?

A. I left—the day my kids got tooken [sic] away, I had left to go shoot in a pool table at 6 o'clock in the evening. My wife was still in the home.

It was only after appellant had testified untruthfully that his sons had been with him since January 1998 that the prosecutor asked him about foster homes. The question related to appellant's credibility at trial. The district judge did not abuse his discretion in admitting the testimony.

4. *Insufficient Evidence*

■■■ Appellant contends that there is insufficient evidence to sustain his conviction. Generally we review challenges to the sufficiency to the evidence under the standard announced in *Jackson v. Virgi-*

*nia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), i.e., "whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." However, where, as here, the appellant waives his challenge to the sufficiency of the evidence by failing to move for judgment of acquittal at the close of the government's case or at the close of the trial, we review the sufficiency of the evidence only for plain error or to prevent a manifest miscarriage of justice. *Cf. United States v. Kuball,* 976 F.2d 529, 531 (9th Cir.1992).

■■■ There is sufficient evidence to sustain appellant's conviction under the plain error standard as well as the less deferential standard announced in *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781. It is clear that if defendant engaged in the activities described by the victim in her testimony he committed the crimes charged in the two counts of the indictment. Thus the sole issue as to the sufficiency of the evidence is whether the victim's testimony was credible, notwithstanding appellant's testimony to the contrary. This of course was for the jury to determine, especially where there is some other evidence, direct and circumstantial, to support the victim's testimony, such as the testimony of her sister. We "must respect the exclusive province of the fact finder to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Hubbard,* 96 F.3d 1223, 1226 (9th Cir.1996) (citation omitted).

*SENTENCING ISSUES*

1. *Application of the Cross Reference*

■■■ Under § 2A3.2 of the United States Sentencing Guidelines (U.S.S.G.) (1998), the base offense level for criminal sexual abuse of a minor is 15. However, § 2A3.2(c)(1) provides that "[i]f the offense involved criminal sexual abuse or attempt

to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse)." Criminal sexual abuse, as defined in 18 U.S.C. § 2241(a) (1994), occurs when an individual knowingly causes another person to engage in a sexual act by using force against that other person. The district judge concluded that appellant used force during his abuse of J.K. and applied the cross reference to increase appellant's base offense level from 15 to 27 under U.S.S.G. § 2A3.1 (1998).

■ Appellant contends that there is insufficient evidence to support the conclusion by the district judge that appellant used force against J.K. We review the factual findings made by the district court at the sentencing hearing for clear error. *See United States v. Palafox–Mazon*, 198 F.3d 1182, 1186 (9th Cir.2000). " 'Review under the clearly erroneous standard is significantly deferential, requiring for reversal a definite and firm conviction that a mistake has been made. The standard does not entitle a reviewing court to reverse the findings of the trial court simply because the reviewing court might have decided differently.' " *Id.* (quoting *United States v. Asagba*, 77 F.3d 324, 325 (9th Cir.1996)).

■ A showing of actual force is necessary to satisfy the force requirement of 18 U.S.C. § 2241(a)(1). *See United States v. Fulton*, 987 F.2d 631, 633 (9th Cir.1993). The "force" requirement " 'may be satisfied by a showing of ... the use of such physical force as is sufficient to overcome, restrain, or injure a person.' " *Id.* (quoting *United States v. Fire Thunder*, 908 F.2d 272, 274 (8th Cir.1990)). "[T]he force requirement is met when the 'sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.' " *Id.* at 633 (quoting *Fire Thunder*, 908 F.2d at 274).

■ With respect to sentencing, "[f]indings of fact must be supported by a preponderance of the evidence; the relevant facts must be shown to be more likely true than not." *United States v. Lawrence*, 189 F.3d 838, 844 (9th Cir.1999). The factual findings of the district court are reviewed for clear error. *See id.* Appellant is six feet tall and weighs over 200 pounds. It is a reasonable conclusion that when he moved his twelve-year old victim's head up and down on his penis, grabbed her hand above her head, and "got on top of her," he used "physical force ... sufficient to overcome, restrain or injure" her. *Fulton*, 987 F.2d at 633.

The conclusion by the district court that there was sufficient force involved to apply the cross-reference is entitled to significant deference and is not clearly erroneous.

### 2. *Double Counting*

■ The guideline applicable to the crime charged in count 1, criminal sexual abuse of a minor, U.S.S.G. § 2A3.2 (1998), provides for a base offense level of 15. As noted above, the district court properly applied the cross-reference to U.S.S.G. § 2A3.1, increasing appellant's base offense level to 27. The district judge then increased the offense level by four pursuant to U.S.S.G. § 2A3.1(b)(1) (1998),[4] because appellant used force against J.K. Appellant contends that by adding four levels pursuant to § 2A3.1(b)(1) for his use of force, the district court impermissibly "double counted" the element of force in determining his offense level; force was the factor which triggered the cross reference increasing the base offense level from 15 to 27.

We review *de novo* the interpretation or application of the sentencing guidelines by the district court. *See United States v. Zuniga*, 66 F.3d 225, 227 (9th Cir.1995).

---

4. U.S.S.G. § 2A3.1 provides "[i]f the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b) ... increase by 4 levels."

■ The Sentencing Guidelines permit double counting of a factor "when each invocation of the behavior serves a unique purpose under the Guidelines." *United States v. Nagra,* 147 F.3d 875, 883 (9th Cir.1998). To put it another way, double counting is permitted when it is necessary to ensure that the defendant's sentence reflects "the full extent of the wrongfulness of his conduct." *United States v. Reese,* 2 F.3d 870, 895 (9th Cir.1993) (citing *United States v. Starr,* 971 F.2d 357, 361 (9th Cir.1992)).

Nevertheless, there are instances, not applicable here, where double counting is improper. Impermissible double counting "occurs where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." *Id.* at 895.

> [T]he use of a single aspect of conduct both to determine the applicable offense guideline and to increase the base offense level mandated thereby will constitute impermissible double counting only where, absent such conduct, it is impossible to come within that guideline. If, on the other hand, it is possible to be sentenced under a particular offense guideline without having engaged in a certain sort of behavior, such behavior may be used to enhance the offense level, for in this situation, the guideline's base offense level will not necessarily have been set to capture the full extent of the wrongfulness of such behavior.

*Id.*

Notably, the cross-reference under U.S.S.G. § 2A3.2(c)(1) (1998) applies if the offense involved a violation of either 18 U.S.C. §§ 2241 or 2242. The use of force is not a defined element of the crime of sexual abuse under § 2242. Because it is therefore possible to be sentenced under U.S.S.G. § 2A3.1 for an offense not involving the use of force, "such behavior may be used to enhance the offense level, for in this situation, the guideline's base offense level will not necessarily have been set to capture the full extent of the wrongfulness of such behavior." *Id.*

Moreover, " '[t]he Sentencing Commission plainly understands the concept of double counting and expressly forbids it where it is not intended.' " *Id.* (quoting *United States v. Williams,* 954 F.2d 204, 208 (4th Cir.1992)). Had the Sentencing Commission wanted to preclude double counting under the circumstances presented here, it could have done so. It did not.

We conclude that there has been no impermissible double counting.

### 3. *Vulnerable Victim Enhancement*

■ Appellant contends that the evidence does not warrant the application by the district judge of the "vulnerable victim" enhancement. We review this factual finding for clear error. *See United States v. Randall,* 162 F.3d 557, 560 (9th Cir. 1998), *cert. denied,* 526 U.S. 1077, 119 S.Ct. 1480, 143 L.Ed.2d 563 (1999).

A "vulnerable victim" is "one who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct."[5] U.S.S.G. § 3A1.1, comment (n.2) (1998). The two-level vulnerable victim enhancement applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1) (1998).

At the sentencing hearing the government presented evidence that J.K. was cognitively delayed, had borderline intelligence, and participated in special education classes. All of those facts support the finding by the district judge that J.K. was unusually vulnerable due to her mental condition. Additionally, the district judge had the opportunity to observe J.K.

---

**5.** J.K.'s age cannot be considered for purposes of applying the vulnerable victim adjustment; the district court took J.K.'s age into account in assessing a two level enhancement pursuant to U.S.S.G. § 2A3.1(b)(2) (1998).

during her testimony and evaluate her vulnerability firsthand. His finding is entitled to deference.

Moreover, appellant should have known that the victim was "a vulnerable victim." Appellant had known J.K.'s mother since J.K. was an infant, and appellant lived in the same house with the victim and her mother for a number of years prior to and at the time of the offenses. Considering the length of appellant's association with J.K. and his proximity to her, appellant should have known that she was unusually vulnerable. The finding by the district judge that J.K. was a vulnerable victim was not clearly erroneous.

### 4. Consecutive Sentences

▇▇▇ Appellant contends that the district judge erred in imposing consecutive sentences for his two convictions because the offenses, which involve the same victim and substantially the same harm, should have been "grouped" together and a single sentence imposed.

"All counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2 (1998). When offenses are grouped together, they are treated "as constituting a single offense" for purposes of the Sentencing Guidelines. U.S.S.G. Ch.3, Pt.D, intro. Comment (1998).

The district judge properly declined to "group" the offenses committed by appellant. U.S.S.G. § 3D1.2(d) (1998) specifically excludes "all offenses in Chapter Two, Part A" from the operation of the grouping subsection. Both of appellant's convictions are for offenses included in Chapter 2, Part A of the Sentencing Guidelines.[6] The "grouping" sought by appellant is not permitted.

When a defendant is convicted of multiple counts, U.S.S.G. § 5G1.2 (1998) is applied to determine the specific sentence to be imposed on each count. It provides in pertinent part:

(d) If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

▇▇▇ The Guidelines do not define "total punishment," but it is clear that the term as used above means the minimum sentence in the guideline range for the total offense level for all counts. Appellant's adjusted offense level for count 1, sexual abuse of a minor is 37.[7] Appellant's adjusted offense level for count 2, abusive sexual contact is 22.[8] Because the adjusted offense level for count 1 was more than nine levels greater than the adjusted offense level for count 2, the combined offense level is 37, the same as the adjusted offense level for count 1. See U.S.S.G. § 3D1.4(c) (1998). Based upon appellant's criminal history category of 1 and his total offense level of 37, the applicable Sentencing Guideline Range is 210–262 months.

---

6. U.S.S.G. § 2A3.2 (Criminal Sexual Abuse of a Minor); U.S.S.G. § 2A3.4(a) (Abusive Sexual Contact).

7. Applying the cross reference in U.S.S.G. § 2A3.2(c)(1), appellant's base offense level was 27 (U.S.S.G. § 2A3.1); the district judge added four levels for the use of force (U.S.S.G. § 2A3.1(b)(1)), two levels because the victim was 12 years old (U.S.S.G. § 2A3.1(b)(2)), two levels because the victim was in the care, custody and control of appellant (U.S.S.G. § 2A3.1(b)(3)(A)), and two lev-

els because the victim of the offense was a vulnerable victim (U.S.S.G. § 3A1.1(b)(1)).

8. The base offense level for 18 U.S.C. § 2244(a) is 16 (U.S.S.G. § 2A3.4(a)); the district judge added two levels because the victim was 12 years old (U.S.S.G. § 2A3.4(b)(2)), two levels because the victim was in the care, custody and control of appellant (U.S.S.G. § 2A3.4(b)(3)), and two levels because the victim of the offense was a vulnerable victim (U.S.S.G. § 3A1.1(b)(1)).

The minimum of that range exceeds the 15 year statutory maximum term of imprisonment permitted under 18 U.S.C. § 2243(a) (1994) for count 1. The maximum term of imprisonment for count 2 is two years. 18 U.S.C. § 2244(a)(3) (1994).

Where, as here, "the sentence imposed on the count carrying the highest statutory maximum [count 1] is less than the total punishment" (the minimum in the applicable guideline range), the sentence imposed on the remaining count "shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." U.S.S.G. § 5G1.2(d) (1998); *see also United States v. Palomba,* 31 F.3d 1456, 1466 (9th Cir.1994). The district judge sentenced appellant to serve a 180–month term of imprisonment, the statutory maximum, on count 1, and he correctly sentenced appellant to the statutory maximum of 24 months imprisonment, to be served consecutively, on count 2. The resulting 204 month total prison term is less than the minimum in the guideline range for appellant's total offense level. The district judge did not err in sentencing appellant to consecutive sentences.

Appellant also seeks to vacate the sentence because he claims that the district judge failed to specify the factors under 18 U.S.C. § 3553(a) (1994) which warranted imposing consecutive sentences. In fact, the judge did so specify. In any event, U.S.S.G. § 5G1.2(d) (1998) mandates consecutive sentences in this case. The judgment of the district court is **AFFIRMED.**