**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George Ward TRAMMELL, III,**
**Esq., Defendant–Appellant.**

**No. 01–50109.**

**D.C. No. CR–00–00962–AHM–01.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Dec. 20, 2001.

---

**2.** The district court sentenced Sharaf to the maximum term permitted under the heartland range.

Before SCHROEDER, TROTT, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

■ George Trammell ("Trammell"), a former California Superior Court Judge, appeals his sentence after pleading guilty to two counts of mail fraud, by which he deprived the People of the State of California of their right to honest services in violation of 18 U.S.C. §§ 1341 and 1346.

The district court did not, as Trammell argues, impermissibly shift the burden of proof to him by using his silence against him. Instead, the district court elected not to rely on those facts in the Pre–Sentence Report to which Trammell objected.

■ Neither did the district court err in applying the vulnerable victim adjustment pursuant to U.S.S.G. § 3A1.1. Pifen Lo ("Lo"), a woman with whom Trammell engaged in a sexual relationship after she appeared as a defendant in a criminal case before Trammell, was a vulnerable victim of Trammell's crime. The harm Trammell caused Lo need not be an element of the crime of which Trammell was convicted. *United States v. Haggard,* 41 F.3d 1320, 1324–26 (9th Cir.1994). Trammell's criminal conduct need only be "inextricably intertwined" with the harm his sexual relationship with Lo caused to her. *See United States v. Sherwood,* 98 F.3d 402, 413 (9th Cir.1996). Lo was unusually vulnerable as she was born abroad, had limited English language skills, was on probation under Trammell's supervision, a psychologist testified at her sentencing hearing that she had a "dependent personality disorder", and Trammell was about to sentence her husband in the same criminal case.

The vulnerable victim enhancement serves an entirely different purpose in this case than the high-level decision maker enhancement applied to Trammell's sentence pursuant to U.S.S.G. § 2C1.7(b)(1)(B). *See United States v. Archdale,* 229 F.3d 861, 869 (9th Cir.2000). The vulnerable victim enhancement was appropriately applied because Lo was in a position of vulnerability when compared with the usual victim of Trammell's crime, the People of California. *See United States v. Mendoza,* 262 F.3d 957, 961–62

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(9th Cir.2001) (holding vulnerable victim status applies when the particular scheme targets victims who are unusually vulnerable based on characteristics different from most victims of that type of crime).

The district court did not err in applying U.S.S.G. § 2C1.7 (fraud involving deprivation of the intangible right to honest services of public officials) rather than section 2C1.2 (offering, giving, soliciting or receiving a gratuity to a public official with respect to an official act), to determine Trammell's base offense level. The gravamen of Trammell's crime was, as Trammell admitted, concealing his sexual relationship with Lo from the "parties in the criminal case and the People of the State of California," which deprived the People of Trammell's honest services as a judge. Thus, Trammell's offense conduct is more specifically covered by section 2C1.7, and the district court properly applied that guideline section in determining Trammell's sentence. Accordingly, Trammell's sentence is **AFFIRMED.**