**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rachel DUARTE, Defendant–Appellant.**

No. 03–50081.

D.C. No. CR–02–02085–1–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

---

Patrick K. O'Toole, Asst. U.S. Atty., Carol C. Lam, Asst. U.S. Atty., Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Michelle Betancourt, San Diego, CA, for Defendant-Appellant.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM**

Rachel Duarte appeals her conviction and 33–month sentence following a jury trial conviction for importation of marijuana and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Duarte contends that the district court erred in allowing Agent Bernard's expert testimony because it was impermissible drug organization testimony. We review the district court's admission of Agent Bernard's testimony for plain error because Duarte did not object at trial and because the district court granted her pretrial motion to exclude expert testimony regarding drug organizations. *See United States v. Buckland*, 289 F.3d 558, 563 (9th Cir.2002) (en banc) (stating that this Court reviews for plain error when an issue is not objected to below); *United States v. Archdale*, 229 F.3d 861, 864 (9th Cir.2000) ("Absent a thorough examination of the objection raised in the motion in limine and an explicit and definitive ruling by the district court that the evidence is admissi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ble, a party does not preserve the issue of admissibility for appeal absent a contemporaneous objection."). Based on the record, we conclude that the district court did not plainly err. *Cf. United States v. Vallejo,* 237 F.3d 1008, 1015–17 (9th Cir.2001), *as amended,* 246 F.3d 1150 (9th Cir.2001).

Duarte contends that the district court improperly instructed the grand jury. This claim is foreclosed by *United States v. Marcucci,* 299 F.3d 1156, 1164 (9th Cir. 2002) (upholding the constitutionality of the same grand jury instruction), *cert. denied* 538 U.S. 934, 123 S.Ct. 1600, 155 L.Ed.2d 334 (2003).

Duarte's final contention is that the district court erred in not dismissing the indictment because the drug statutes under which she was convicted are facially unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This claim is foreclosed by *United States v. Hernandez,* 322 F.3d 592 (9th Cir.2003).

We deny Duarte's request to call for en banc review of *United States v. Marcucci,* 299 F.3d 1156 (9th Cir.2002), and *United States v. Hernandez,* 322 F.3d 592 (9th Cir.2003).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.