**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Curtis ANDERSON, Defendant— Appellant.**

No. 03–10516.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Dec. 14, 2004.

Haywood S. Gilliam, Jr., Esq., USSF— Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

George C. Boisseau, Esq., Santa Rosa, CA, for Defendant–Appellant.

Before: CANBY, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM *

Curtis Anderson appeals his conviction for theft and conspiracy to commit theft against an Indian tribal organization, mail fraud and wire fraud. We resolved Anderson's challenge to the district court's subject matter jurisdiction in a separate published opinion. We now address the remaining issues raised on appeal, and affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts

I

The district court did not abuse its discretion by admitting Peterson's prior consistent statement. The court found that the charged motive to fabricate arose when the police officer told Peterson to "save your hide." *Tome v. United States,* 513 U.S. 150, 166, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995). The trial judge heard counsel for both defendants cross-examine Peterson, considered whether a motive to fabricate might have arisen earlier, evaluated the same argument Anderson makes now, and found that the "save your hide" comment without question was the trigger point. On this record, we cannot say that the district court's ruling was an abuse of discretion.

II

Sufficient evidence supported Anderson's conviction on Counts One and Three arising from the misappropriation of $25,000 of tribal money. A reasonable jury could find that Anderson was guilty of the crimes charged given the testimony of Ronald Peterson and Tracy Avila, and admission of the checks endorsed by Anderson. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *United States v. Archdale,* 229 F.3d 861, 867 (9th Cir.2000).

III

Sufficient evidence supported Anderson's conviction on Counts Five and Six arising from the Lehigh Leasing fraud. Ronald Peterson's testimony, and the Lehigh Leasing representatives' testimony regarding their reliance on the false loan documents as collateral for the loan, amply supported the verdict. *Archdale,* 229 F.3d

of this circuit except as provided by Ninth Circuit Rule 36–3.

at 867; *United States v. Welch,* 327 F.3d 1081, 1106 (10th Cir.2003).

AFFIRMED.