**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Delson Francis SAM, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**Delson Francis Sam, Defendant—**
**Appellee.**

**Nos. 04–10535, 04–10570.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Filed April 19, 2006.

Beverly K. Anderson, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee, Plaintiff–Appellant.

Vincent L. Lacsamana, Esq., Law Offices of Clay Hernandez, PC, Tucson, AZ, for Defendant–Appellant, Defendant–Appellee.

Before: SCHROEDER, Chief Judge, TROTT and KLEINFELD, Circuit Judges.

MEMORANDUM *

Sam appeals his 41–month sentence resulting from his conviction of two counts of

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

assault on a federal officer. The government appeals the sentencing judge's decision not to apply the official victim enhancement pursuant to U.S.S.G. § 3A1.2.

The district court did not commit impermissible double counting. Double counting is authorized when it is "possible to be sentenced under a particular offense guideline without having engaged in" the behavior used to enhance the offense level.[1] The Guidelines section in this case, § 2A2.2, is applicable for assaults with and without a dangerous weapon.[2] Because it was not "impossible"[3] to come within the aggravated assault guideline without a dangerous weapon,[4] using the dangerous weapon to both determine the offense level and apply the enhancement was not double counting under controlling circuit precedent. If the district court concludes on resentencing that the use of the pick-up truck was in fact the only reason for both enhancements, then it can take that into account under *Booker* when fashioning a reasonable sentence.[5]

Counts can be grouped under U.S.S.G. § 3D1.2(a) only when they "involve the same victim."[6] Sam was convicted for one count of assault per Border Patrol Agent, so the court could not group the offenses under § 3D1.2.

Because the district court sentenced Sam after *Blakely*[7] and before *Booker*, it concluded that the official victim enhancement could not be applied. This subsequently became plain error when *Booker* was decided, so we vacate Sam's sentence and remand for re-sentencing. We need not reach the denial of downward departure issue because the entire sentence is vacated and the case is remanded for re-sentencing.

**VACATED and REMANDED.**

---

1.  *United States v. Archdale*, 229 F.3d 861, 869 (9th Cir.2000).

2.  U.S.S.G. § 2A2.2 (2004).

3.  *United States v. Reese*, 2 F.3d 870, 895 (9th Cir.1993).

4.  U.S.S.G. § 2A2.2 application note 1 (2004).

5.  *United States v. Booker*, 543 U.S. 220, 261–262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

6.  U.S.S.G. § 3D1.2(a) (2004).

7.  *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

