**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Glenn TOTTEN, T/N Glenn Scott Totten, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Richard Keith Winters, a/k/a Rick Winters, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Marvin Walker, Defendant—Appellant.**

Nos. 04–50289, 04–50290, 04–50335.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 27, 2006.

Filed Aug. 23, 2006.

USLA—Office of The U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

USSA—Office of The U.S. Attorney, Santa Ana, CA, Benjamin L. Coleman, Esq., San Diego, CA, for Defendants–Appellants.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Before: GIBSON,* RYMER, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Glenn Totten, Richard Keith Winters, and Marvin Walker appeal their convictions and sentences on multiple counts of telemarketing fraud, wire fraud, and aiding and abetting, following a jury trial. We affirm the convictions, and grant a limited remand on the sentences.

## I

Totten (joined by Winters) argues that a mistrial should have been granted on account of the AUSA's expressing his personal opinion about the truthfulness of Totten's testimony, appealing to the jury's passions by noting that the fraud was perpetrated against the elderly, shifting the burden to Totten, and asking Totten during cross-examination whether he understood that he was under oath. We see no abuse of discretion. *United States v. Sayetsitty*, 107 F.3d 1405, 1408 (9th Cir. 1997) (noting standard of review). Even if the AUSA's use of "I think" was problematic, *see United States v. Weatherspoon*, 410 F.3d 1142, 1147 n. 3 (9th Cir.2005), it was not prejudicial. The case against Totten was strong, the trial lasted several weeks, and the comments did not impermissibly invite the jury to draw inferences that were not well-founded in evidence adduced at trial. *United States v. Williams*, 989 F.2d 1061, 1071–72 (9th Cir.1993). Nor did the comments become prejudicial simply because some concerned Totten's credibility; Totten chose to take the stand and to put his credibility on the line. *See, e.g., Portuondo v. Agard*, 529 U.S. 61, 69, 120 S.Ct. 1119, 146 L.Ed.2d 47 (2000).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

There is nothing improper about the way the AUSA reminded Totten that he was under oath. The AUSA's remarks about "old people" were not an improper attempt to play on the jury's sympathy; as the district court found, the discussion was relevant to the special verdict. Finally, argument about fraud and the pain of the victims in this case, as well as about the defense's ability to bring in other victims, was invited by Winters's closing argument. *United States v. de Cruz,* 82 F.3d 856, 863 (9th Cir.1996); *United States v. Cabrera,* 201 F.3d 1243, 1250 (9th Cir.2000).

As the Government concedes, Totten is entitled to a limited remand under *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005) (en banc). However, we disagree with Totten's argument for a full remand based on the district court's failure to consider sentencing disparities among defendants.[1] His co-defendants had not been sentenced at the time of his hearing, he stipulated to the sentencing guidelines calculation adopted by the district court and, in any event, the sentences for Tepel and Crawford were driven by their cooperation with the government.

## II

▮ Winters (joined by Totten) contends that his confrontation rights were offended by an investigator's testimony about statements Walker made in an interview, and that the district court erred by failing *sua sponte* to give a limiting instruction.[2] There is no *Bruton* error, because Walker did not implicate anyone except himself. *See Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476

(1968). Accordingly, there was no reason for the district court to give a limiting instruction. Even if there were error, it was harmless, because Winters and Totten both made similar admissions.

Winters also maintains that the AUSA's reference to "these guys" was misconduct. We disagree, as the reference followed a recounting of the evidence showing that each of the three had knowledge of the falsity of representations made to victims. It cannot reasonably be understood as having only to do with Walker's statement to investigators.

Finally, Winters argues that his motion to sever should have been granted and that there was a serious risk of prejudice on account of Walker's admissions and the AUSA's coupling Walker's knowledge with "these guys." There was no abuse of discretion in denying the request for, as we have explained, Winters has not shown that Walker's admissions implicated him or had any "specific and compelling prejudice." *United States v. Smith,* 893 F.2d 1573, 1581 (9th Cir.1990) (holding that the possibility that some evidence against a co-defendant "rubbed off" is insufficient). Nor has Winters shown that the failure to sever prevented him from receiving a fair trial. *United States v. Johnson,* 297 F.3d 845, 855 (9th Cir.2002).

## III

▮ Walker's appeal turns on whether there was sufficient evidence of his intent to defraud. There was. He admitted to investigators that he knew he was "selling"

---

1. Totten is joined in this argument by Winters and Walker, and our disposition applies equally to them.

2. As Winters made no objection at the time, our review is for plain error. *United States v. Bear,* 439 F.3d 565, 568 (9th Cir.2006) (discussing plain error standard); *see also United*

*States v. Archdale,* 229 F.3d 861, 864–65 (9th Cir.2000) ("Absent a thorough examination of the objection raised in the motion in limine and an explicit and definitive ruling by the district court that the evidence is admissible, a party does not preserve the issue of admissibility for appeal absent a contemporaneous objection.").

golf clubs and would receive a commission once the victim's credit card was charged, nevertheless he told victims that he was offering the clubs for evaluation and test play and that the credit card numbers were needed only as a security deposit to ensure that the clubs were returned. Based on this, a rational trier of fact could conclude beyond a reasonable doubt that Walker knowingly participated in the fraudulent scheme. *United States v. Blitz,* 151 F.3d 1002, 1006–07 (9th Cir.1998).

## IV

We conclude that no error requires reversal of the convictions of Totten, Winters or Walker. The district court did not abuse its discretion in denying a new trial. However, each is entitled to a limited remand on his sentence pursuant to *Ameline.*

**AFFIRMED IN PART; LIMITED REMAND IN PART.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.