**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KIMBERLY LOUISE LONG, | No. 12-55820 |
| Petitioner - Appellant, | D.C. No. 5:10-cv-00277-PSG-SP |
| v. | |
| DEBORAH K. JOHNSON; Warden,[*] | MEMORANDUM[**] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted July 8, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Appellant Kimberly Louise Long (Long) appeals the district court's denial

of her petition for a writ of habeas corpus.

---

[*] Deborah K. Johnson is substituted for Mary Lattimore as Warden of the Central California Women's Facility. Fed R. App. P. 43(c)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** When a state prisoner challenges a conviction for insufficient evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979), we view the evidence in the light most favorable to the prosecution. *See Boyer v. Belleque*, 659 F.3d 957, 960 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2723 (2012). To grant habeas relief, "we must conclude that the state court's determination that a rational jury could have found that there was sufficient evidence of guilt . . . was objectively unreasonable." *Id.* at 965.

**2.** Given the "double dose of deference" that we owe to state courts under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *id.* at 964, we cannot conclude that the California Court of Appeal unreasonably applied *Jackson* in affirming Long's conviction for second degree murder. Viewing the evidence in the light most favorable to the prosecution, the state court reasonably determined that it was not irrational for the jury to conclude beyond a reasonable doubt that between 1:20 a.m. and 2:09 a.m., Long: (1) killed the victim; (2) washed herself and changed out of her bloodied clothes; (3) disposed of the murder weapon and bloodied clothes beyond the perimeter of the police search; and (4) called 9-1-1.

Although the evidence presented at trial could also yield an alternative inference, we "must respect the exclusive province of the [jury] to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts." *United States v. Archdale*, 229 F.3d 861, 867 (9th Cir. 2000) (citation omitted). And while the evidence was circumstantial, a murder conviction may rest solely upon such evidence. *See People v. Snow*, 65 P.3d 749, 761 (Cal. 2003) (holding that circumstantial evidence alone supported the defendant's murder conviction); *see also United States v. Preston*, 706 F.3d 1106, 1120 (9th Cir. 2013), *as amended* ("Circumstantial evidence alone can be sufficient to demonstrate a defendant's guilt. . . .") (citation and alteration omitted).

Ultimately, we might have entertained reasonable doubt if we were the jury, or we might have found the evidence to be insufficient if we were sitting as the reviewing court on direct appeal. But under AEDPA, we are limited to determining whether the California Court of Appeal unreasonably applied *Jackson*. *See Boyer*, 659 F.3d at 965. Applying this doubly deferential standard, we must affirm.

**AFFIRMED.**

FILED

JUL 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Long v. Johnson*, No. 12-55820

WATFORD, Circuit Judge, concurring:

I have grave doubts about whether the State has convicted the right person in this case. Those doubts stem from the fact that it would have been virtually impossible for the defendant to commit the crime and eliminate all traces of her involvement even if she had arrived home at 1:20 a.m., as the State contends, rather than around 2:00 a.m., as the defendant testified at trial. I am also troubled by the fact that the only witness who placed the defendant at home as early as 1:20 a.m. never actually testified at trial. This witness's testimony was so critical—and the State's case so thin—that the trial judge said he would not even have allowed the case to go to the jury without it. Yet the jury was left to assess the credibility of this witness based on a cold preliminary hearing transcript, rather than all the subtle and intangible factors juries take into account when they evaluate live testimony, because the witness died before trial commenced.

Despite these misgivings, I join the court's disposition. As the court notes, one of the inevitable consequences of the doubly deferential standard of review we must apply under AEDPA "is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam).