**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOLITA SCHAGENE, an individual, | No. 15-56863 |
| Plaintiffs-Appellant, | D.C. No. 3:13-cv-00333-WQH-RBB |
| v. | |
| RAYMOND E. MABUS, Jr., Secretary of the Navy, and Does 1 Through 50, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted April 3, 2017
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and KENDALL,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Lolita Schagene ("Schagene") filed a Title VII hostile work environment claim against her former employer Fiddler's Cove Marina, a recreational vehicle park at the Naval Base Coronado ("the Navy"). During a 2015 jury trial, the district court admitted evidence about Schagene's 1997–1998 mental health history and the 1997 loss of custody of her children. Before the trial, Schagene filed motions in limine. Motion in Limine #1 moved in part to "preclude any evidence about Plaintiff's conviction or the charges that led to her conviction." The district court granted this part of the Motion, ruling: "At trial, the parties are precluded from introducing any evidence of the 1997–1998 charges, confinement, competency determination, or treatment without first obtaining leave of Court." The second part moved to preclude "any evidence" about her mental health state in 1997–1998. The district court denied this part of the motion without prejudice and directed Schagene "to object to specific questions or testimony at trial."

At trial, the Navy's expert witness, Dr. Mark Kalish, testified to his factual findings and opinions about Schagene's mental health based in pertinent part on his review of her mental health records from the two doctors who treated her in 1997–1998, Dr. David DeFrancesco and Dr. James Shaddock. Dr. Kalish's testimony relayed specific facts from these records to the jury, including about Schagene's hospitalization, diagnoses, medications, and the symptoms she

2

described. The district court also permitted the Navy to cross-examine Schagene's witness, her psychologist starting in May 2012, on the fact that Schagene had talked with him on several occasions about the loss of custody of her children, a loss that Dr. Kalish's report noted followed Schagene's 1997 arrest.

Schagene appealed the district court's admission of this evidence in light of the district court's ruling on her motion in limine and its overly prejudicial effect. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

1. We review for abuse of discretion a district court's decision to admit or deny evidence based on the balance of its probative value relative to its potential for unfair prejudice. *United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070 (9th Cir. 2011). A district court's ruling on a party's motion in limine constitutes such a decision. *Id.* In the event of an error, we presume prejudice unless the error "more probably than not" left the verdict untainted. *Obrey v. Johnson*, 400 F.3d 691, 699–700 (9th Cir. 2005) (citing *Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1459 (9th Cir. 1983)). Once we find error, the party who benefits from the error must prove no harm, or else suffer reversal. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 464–65 (9th Cir. 2014) (en banc). The district court ruled on Schagene's Motion in Limine #1, so we review this decision for abuse of discretion. *See Sepulveda-Barraza*, 645 F.3d at 1070.

2.     The district court precluded the parties from introducing "any evidence" of Schagene's "1997–1998 charges, confinement, competency determination, or treatment" and denied without prejudice her motion to preclude the admission of "any evidence" regarding her "mental health state in 1997–1998." However, these categories of evidence overlap, at least in part. The only "confinement" that Schagene experienced in 1997–1998 was her hospitalization. Similarly, the only "treatment" Schagene received related to her 1997 charges involved the mental health treatment she received from Dr. DeFrancesco and Dr. Shaddock in 1997–1998. The ruling therefore excluded evidence from the mental health records of her treatment during this time, including her diagnoses, medication, and symptoms. The district court accordingly erred in allowing Dr. Kalish to offer this evidence in his testimony without requiring leave of the court, per its ruling.

3.     By the same logic, the district court erred in permitting the Navy to cross-examine Dr. Lazar about Schagene's loss of custody of her children following her 1997 arrest, as this evinces her "competency" in 1997–1998.

4.     In granting the motion in limine, the district court necessarily found that the danger of unfair prejudice that would result from the admission of evidence about Schagene's confinement, competency, and treatment would

4

substantially outweigh its probative value. We agree. Evidence showing that a delusional illness like schizophrenia impairs a witness's ability to perceive and tell the truth may be used to impeach that witness properly. *See Gonazalez v. Wong*, 667 F.3d 965, 983 (9th Cir. 2011). But this is true only to the extent that such a mental defect manifests during the timeframe of the events alleged. *See id.* Since the events in question occurred between 2004 and early 2011 at the latest, testimony about Schagene's mental health diagnoses, medication, and symptoms in 1997–1998 could not show that it was any more or less probable that Schagene could accurately perceive and tell the truth during the timeframe of the events alleged. The high risk of prejudice resulting from this testimony thus substantially outweighs the probative nature of the evidence, and the district court erred in permitting this evidence.

5.      Finally, Schagene lost custody of her children in 1997 following her arrest, some seven years prior to her work for the Navy and up to fourteen years before the last of the incidents she alleged as the basis for her hostile work environment claim. The timeline and testimony by Dr. Lazar do not speak to the loss of custody as a present-day stressor. Further, evidence of a mother losing her children through a court process leaves an indelible stamp of another court's decision on her. Because the evidence presented a high risk of unfair prejudice to

5

Schagene that the fact's value cannot cure, the district court erred in permitting its inclusion.

**REVERSED AND REMANDED.**

FILED

AUG 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Callahan, J., dissenting:

     The district court admitted evidence relating to Plaintiff-Appellant Lolita Schagene's "1997–1998 charges, confinement, competency determination, or treatment," even though such evidence was precluded by the court's order granting in part Schagene's Motion in Limine #1. The majority holds that, on this basis, the district court abused its discretion. I conclude otherwise because Schagene opened the door to the otherwise inadmissible evidence through her own witness' testimony. I therefore would affirm the judgment entered by the district court in favor of Defendant-Appellee Mabus and respectfully dissent from the majority's disposition.

     1.    Schagene brought a Title VII claim against her former employer Fiddler's Cove Marina (i.e., the Navy), alleging a hostile work environment. According to Schagene, she endured persistent harassment from 2004 to 2011, causing her emotional distress and exacerbating pre-existing mental health conditions. Schagene introduced no corroborating evidence for her allegations, and several witnesses contradicted her testimony. A jury found in favor of the Navy. Schagene appeals the district court's admission of evidence concerning her mental health in 1997 and 1998, and the loss of custody of her children in 1997.

2.      At trial, Schagene's treating psychologist, Dr. Lazar, testified that 25 percent of Schegene's distress was due to the alleged harassment at Fiddler's Cove, and that the harassment "worsened" her mental health. Dr. Kalish offered rebuttal testimony, noting that Schagene suffered from continuing mental health conditions that were diagnosed in 1997 and 1998.  He also testified that he did not believe that Schagene's employment at Fiddler's Cove aggravated these conditions.

A party opens the door to evidence that is otherwise inadmissible to refute other evidence that relies on inaccurate information or is misleading, *see United States v. Osazuwa*, 564 F.3d 1169, 1175–76 (9th Cir. 1992); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1105 (9th Cir. 2002), or, more generally, to offer "some evidence of possible lack of credibility," *see United States v. Terry*, 760 F.2d 939, 944 (9th Cir. 1985).  Dr. Kalish's testimony was relevant because it undercut Dr. Lazar's testimony that the alleged harassment caused, at least in part, Schagene's mental health condition.  The district court therefore did not abuse its discretion in admitting it.  *See id.*

3.      The district court's admission of evidence that Schagene lost custody of her children in 1997 is a closer question, but was also not an abuse of discretion. Schagene's loss was a discrete event that occurred seven years prior to the first alleged incidents of harassment at Fiddler's Cove.  The district court could have reasonably concluded that it was temporally too far removed to outweigh any

2

unfair prejudicial effect. But the records of Dr. Lazar, who treated Schagene from 2012 to 2015, showed that Schagene repeatedly discussed losing custody of her children, suggesting that it was a present-day stressor that contributed to her emotional distress. The evidence was therefore relevant to refute Dr. Lazar's testimony establishing causation. Moreover, once Dr. Lazar testified that the child custody issue was not a current stressor, the content of his reports became proper impeachment evidence. *See United States v. Archdale*, 229 F.3d 861, 864 (9th Cir. 2000).

As the district court did not abuse its discretion in admitting evidence concerning Schagene's mental health treatment and loss of child custody, I would affirm the judgment entered by the district court and respectfully dissent.