**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50016 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01835-CAB |
| v. | |
| ANTONIO GONZALEZ, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted February 13, 2018**

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Antonio Gonzalez, Jr., appeals his bench-trial conviction for importation of

heroin, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Gonzalez contends that the district court erred in concluding that he failed to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

prove the elements of a duress defense. We review mixed questions of law and fact de novo. *See United States v. Acosta-Sierra,* 690 F.3d 1111, 1117 (9th Cir. 2012).

The district court did not err in concluding that Gonzalez had failed to establish by a preponderance of the evidence that he acted under duress. *See United States v. Solorzano-Rivera*, 368 F.3d 1073, 1081 (9th Cir. 2004). The court was entitled to question Gonzalez's credibility. *See United States v. Archdale*, 229 F.3d 861, 867 (9th Cir. 2000). Moreover, the record supports the court's conclusion that the threat alleged by Gonzalez was insufficient to support his duress defense. *See* 9th Cir. Crim. Jury Instr. 6.5 (2010) (to establish duress, defendant must prove that threat was "present, immediate, or impending"); *United States v. Chi Tong Kuok*, 671 F.3d 931, 948 (9th Cir. 2012) (a threat is "immediate" only if it is specific; "vague and undetailed threats will not suffice").

**AFFIRMED.**