

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHARI A. LIND,

　　　　Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

　　　　Defendant-Appellee.

No.　18-15173

D.C. No. 4:13-cv-00032-JAS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Argued and Submitted April 15, 2019
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and VRATIL,[**] District
Judge.

　　Shari Lind appeals the bench trial verdict in this Federal Tort Claims Act case,

arguing the court improperly admitted specific-causation testimony from the

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The Honorable Kathryn H. Vratil, United States District Judge for the
District of Kansas, sitting by designation.

government's biomechanical expert, Dr. Joseph Peles, regarding her left shoulder injury. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Lind failed to preserve her objection to Dr. Peles' testimony. "Absent a thorough examination of the objection raised in the motion in limine and an explicit and definitive ruling by the district court that the evidence is admissible, a party does not preserve the issue of admissibility for appeal absent a contemporaneous objection." *United States v. Archdale*, 229 F.3d 861, 864 (9th Cir. 2000). Although Lind moved in limine to exclude Dr. Peles' testimony, the court denied the motion, which it found to be based on an untimely expert opinion, without deciding the issue of admissibility. As Lind failed to raise her specific-causation objection at trial, in her post-trial brief, or in her proposed findings of fact and conclusions of law, we review for plain error. *See United States v. Wells*, 879 F.3d 900, 925 (9th Cir. 2018).

2. There was no plain error in admitting the relevant portions of Dr. Peles' testimony. Lind concedes Dr. Peles is qualified to provide general-causation testimony regarding the forces generated in a given collision and the types of injuries one would expect those forces to cause. The portions of Dr. Peles' testimony on which the court relied—testimony regarding the known mechanisms that produce traumatic labral tears and that it was unlikely the single force mechanism generated

2

in this collision could cause simultaneous tears to the top, front, and back of one's shoulder—constitute just such general-causation opinions.[1]

3. Lastly, even if the court had erred in admitting the relevant portions of Dr. Peles' testimony, any such error was harmless.[2]  In light of the court's finding that Lind's medical causation witnesses were unpersuasive for reasons independent of Dr. Peles' testimony and that Lind experienced several other phenomena that could have caused her left shoulder injury, it is "more probable than not" that the court would have concluded Lind failed to carry her burden even absent Dr. Peles' testimony. *See Wells*, 879 F.3d at 924 (quoting *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010)).

**AFFIRMED.**

---

[1]  As this is an appeal from a bench trial, the court is presumed to have ignored any potentially inadmissible portions of Dr. Peles' testimony that it did not rely upon in its order. *See Harris v. Rivera*, 454 U.S. 339, 346 (1981).

[2]Any error in admitting Dr. Peles' statement that "it appears to be more of a degenerative process" was harmless given the court's exclusive reliance on the unchallenged testimony of Dr. Eskay-Auerbach in finding that a degenerative process most likely necessitated Lind's shoulder surgery. *See Molina v. Astrue*, 674 F.3d 1104, 1118–19 (9th Cir. 2012).