**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10099 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00001-5 |
| v. | |
| DAVID TRUNG QUOC PHAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
John C. Coughenour, District Judge, Presiding

Submitted June 14, 2019[**]
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit Judges.

David Phan appeals a jury conviction for mail fraud relating to his submission of CW-1 work-eligible visa-renewal applications (18 U.S.C. § 1341), fraud in foreign labor contracting (18 U.S.C. § 1351), and use or possession of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration documents procured by fraud relating to Phan's obtaining a renewed CW-1 permit (18 U.S.C. § 1546). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Phan argues the evidence was insufficient to show fraudulent intent. Phan essentially reargues the factual theory he presented to the jury that he did not know the workers recruited from Bangladesh lacked the skills needed to work in an auto repair shop until after they arrived and that he reduced their pay only because they lacked the necessary skills. Although Phan's factual theory may have been plausible, the jury rejected it.

The evidence presented at trial supported a permissible inference of fraudulent intent. *See United States v. Dearing*, 504 F.3d 897, 901 (9th Cir. 2007). For example, the victims testified that when they confronted Phan about not having work, he told them his only role was to bring them to Saipan, whereas it was the responsibility of Muksedur Rahman, Phan's co-defendant, to find them jobs. Phan admitted to federal agents that he filed renewal petitions for the victims' CW-1 visas even though they no longer worked for him, and the victims testified that Phan collected a fee for this service. Phan's business also paid the victims differently (less than minimum wage, in cash, and without tax withholdings) than it

[1] We assume the parties' familiarity with the facts, evidence, and procedural history of the case.

did the company's legitimate CW-1 workers (at least minimum wage, by check, and with tax withholdings). This and other evidence supports an inference of fraudulent intent.

Phan also argues that the district court erred in denying his motion for a new trial because, he argues, the jury's verdict was against the great weight of the evidence. This argument focuses on misstatements and inconsistencies in some of the witnesses' testimony and on unspecified problems with translation of the witnesses' testimony. As the district court correctly observed, issues of witness credibility were for the jury to decide. *See United States v. Archdale*, 229 F.3d 861, 867 (9th Cir. 2000). Phan's counsel had adequate opportunity at trial to attack the witnesses' credibility, and the district court instructed the jury on witness credibility. The misstatements and inconsistencies in some of the witnesses' testimony provided a reason for the jury to find the witnesses not credible, but they did not compel the jury to reject the witnesses' testimony.

**AFFIRMED**.