**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Wallace John BOGGS, Defendant— Appellant.**

**No. 06–30056.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph E. Thaggard, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Evangelo Arvanetes, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Boggs appeals his conviction on two counts of sexual abuse in violation of 18 U.S.C. § 2241(a)(1), and the 290–month sentence imposed by the district court.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only where necessary to explain our decision.

We have jurisdiction under 28 U.S.C. § 1291.

■ Boggs urges us to overturn his conviction because the government did not electronically record his inculpatory statements to an investigating agent. Boggs's pre-trial motion to suppress, however, argued only that the statements should be excluded from evidence because he was in custody and because he was not informed that he had the right to remain silent under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We need not resolve this issue on the merits because Boggs has not shown good cause for his failure to include this claim in his motion to suppress. *See* FED. R.CRIM. P. 12(e); *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir.2002) ("It does not matter that Murillo made a pre-trial motion to suppress on other grounds, for 'just as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground in support of a motion to suppress.'" (quoting *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir.2000))).[2]

■ Boggs next contends that the district court erred by admitting opinion testimony from a nurse who examined the alleged victim.[3] We see no abuse of discretion in admitting the lay opinion of the nurse. She testified to her observations of a matter of common experience, and the fact that she happens to be a nurse does not disqualify her from doing so. And even if it were an abuse of discretion to admit the nurse's testimony, any error was clearly harmless. The parties stipulated that vaginal swabs obtained from the alleged victim contained semen bearing Boggs's DNA. The alleged victim testified that Boggs was her attacker and described the assault. Special Agent Turner, who interviewed Boggs, and Special Agent Wineman, who observed the interview, testified that Boggs admitted raping the alleged victim and described the attack in detail. This description of the assault corroborated the alleged victim's testimony. The government has shown a fair assurance that any error caused by the district court's admission of the challenged testimony was harmless. *See Seschillie*, 310 F.3d at 1217.

■ Finally, Boggs argues that under U.S. SENTENCING GUIDELINES MANUAL § 3D1.2(b) the district court should have grouped the counts on which he was convicted for purposes of calculating the appropriate offense level. We reject this argument because U.S.S.G. § 3D1.2(d) excludes "all offenses in Chapter Two, Part A" from the grouping provisions, including sexual abuse, which is covered under U.S.S.G. § 2A3.1. *See United States v. Archdale*, 229 F.3d 861, 870 (9th Cir.2000) ("The district judge properly declined to group the offenses committed by appellant. U.S.S.G. § 3D1.2(d) (1998) specifically ex-

---

**2.** Even if the issue were to be considered, our Circuit's precedent would pose a barrier to Boggs's argument. In *United States v. Smith–Baltiher*, 424 F.3d 913, 926 (9th Cir.2005), we held that there is no constitutional right to have a post-arrest interrogation recorded. Because Boggs did not include his claim that the constitution required the government to record his interview in his pre-trial motion to suppress, we need not consider whether any differences between this case and *Smith–Baltiher* would require a different result.

**3.** We review a district court's decision to admit lay opinion testimony for an abuse of discretion. *United States v. Beck*, 418 F.3d 1008, 1013 n. 3 (9th Cir.2005). Because the error asserted here does not implicate a constitutional right, we will affirm the district court if there is a "fair assurance" that the error did not affect the verdict. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir.2002); *United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir.1997) (en banc).

cludes all offenses in Chapter Two, Part A from the operation of the grouping subsection." (internal quotation marks omitted)).

**AFFIRMED.**