**MENLO LOGISTICS, INC.,**
**Plaintiff–Appellee,**

v.

**WESTERN EXPRESS, INC.,**
**Defendant–Appellant.**

No. 06–15606.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2008.[*]

Filed March 11, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

See also 2006 WL 436150.

Michael John Middleton Brook, Esq., Denelle M. Dixon–Thayer, Esq., Amy L. Kashiwabara, Esq., Folger Levin & Kahn, LLP, San Francisco, CA, for Plaintiff–Appellee.

John P. Walovich, Esq., Lewis Brisbois Bisgaard & Smith, LLP, San Francisco, CA, Isham B. Bradley, Esq., Nashville, TN, for Defendant–Appellant.

Before: CANBY and M. SMITH, Circuit Judges, and LARSON,** District Judge.

## MEMORANDUM ***

Plaintiff–Appellee Menlo Logistics, Inc. ("Menlo") sued Defendant–Appellant Western Express, Inc. ("Western") after a shipment of Hewlett–Packard ("HP") products that Menlo had arranged for Western to transport was stolen while in Western's possession. At trial, Menlo argued that Western breached the parties' agreements by failing to deliver the goods to HP or by failing to obtain the required insurance. A jury awarded Menlo $336,932.02, the amount Menlo had paid to HP for the lost goods. Western appeals various rulings the magistrate judge made before and during trial, and also contends that one aspect of the jury's verdict was unsupported by evidence and that the jury verdict form was confusing. We address each of Western's claims in turn, and we affirm.

### A. Rulings relating to the 1999 Master Agreement

The record contains two agreements that Menlo and Western appear to have entered: (1) the Master Broker/Motor Carrier Agreement, effective April 16, 1999 ("1999 Agreement"), and (2) the HP Addendum to Master Broker/Motor Carri-

er Agreement. Western challenges the magistrate judge's conclusion, on summary judgment, that the 1999 Agreement was authenticated. We review evidentiary rulings on summary judgment for abuse of discretion. *ACLU v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir.2003) (citation omitted).

■ The magistrate judge did not abuse his discretion in concluding that the 1999 Agreement was properly authenticated. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir.2002). Menlo properly authenticated the 1999 Agreement with a declaration from the employee who signed the 1999 Agreement on Menlo's behalf; the declaration stated that the copy of the 1999 Agreement before the court was what Menlo claimed it to be. *See* Fed.R.Evid. 901(b)(1); *Orr*, 285 F.3d at 774 n. 8 (citation and internal quotations omitted) (a document can be authenticated "by a witness who wrote it, signed it, used it, or saw others do so").

■ Western also challenges on appeal the magistrate judge's conclusion that both parties had executed the 1999 Agreement. We review this finding of fact for clear error, *Fin. Mgmt. Advisors, LLC v. Am. Int'l Specialty Lines Ins. Co.*, 506 F.3d 922, 925 (9th Cir.2007) (citation omitted), and conclude that there was ample support for the magistrate judge's finding. On its face, the 1999 Agreement evinces signatures on behalf of both Menlo and Western, and the HP Addendum, which West-

** The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ern admits to having entered, states that it is an addendum to a Master Agreement. Though the HP Addendum referenced a 2002 Master Agreement, Western did not produce any evidence that a 2002 Master Agreement exists, Menlo produced evidence that the HP Addendum referred to a 2002 Agreement in error, and the only Master Agreement in the record is the 1999 Agreement. The only evidence Western set forth to dispute that it entered the 1999 Agreement was testimony from an employee who did not begin working for Western until 2002.

### B. "Delivery" under the HP Addendum.

On summary judgment, the magistrate judge also concluded, as a matter of law, that Western never delivered the goods to HP. While our reasoning differs slightly, we agree with the magistrate judge's ultimate conclusion. *See Papa v. United States,* 281 F.3d 1004, 1009 (9th Cir.2002) (citation omitted) (appellate court may affirm "on any proper ground supported by the record").

The interpretation of a contract is a legal question that we review de novo. *Airborne Freight Corp. v. St. Paul Fire & Marine Ins. Co.,* 472 F.3d 634, 635 (9th Cir.2006) (citation omitted). We also review mixed questions of fact and law de novo, unless the question is primarily factual. *Sparkman v. C.I.R.,* 509 F.3d 1149, 1157 (9th Cir.2007) (citation omitted).

It is the contract that controls when delivery occurs. *See Electro Source, Inc. v. United Parcel Serv., Inc.,* 95 F.3d 837, 839 & n. 5 (9th Cir.1996). "In general,

delivery occurs when one party surrenders—and the other party accepts—possession, custody, and control of the goods involved." *Id.* (citation and internal quotations omitted). But "[i]f the intent of the parties ... requires more ... then delivery is not completed by a mere surrender and acceptance." *Id.*[1]

■ Here, the HP Addendum did not expressly define delivery. But when examined as a whole, its plain language supports that the parties intended "delivery" to require the surrender and acceptance of goods. The HP Addendum uses the word "tender" and not "deliver" in numerous instances; thus, the parties appear to have understood there to be a difference between tendering goods and delivering goods. Moreover, Section 6.0(B)(vi) of the HP Addendum specifies that the carrier must return products that are "refused delivery by a customer," which suggests that delivery does not occur until a party accepts the goods. Thus, the magistrate judge did not err in concluding that Western did not deliver the goods to HP.

### C. Other Evidentiary Rulings

We review a trial court's evidentiary rulings for abuse of discretion. *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 141–42, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997) (citations omitted). Western challenges the magistrate judge's decision at the pre-trial conference to admit the third page of an investigative report prepared by Menlo's Security Manager. We need not decide this issue on appeal because Western has waived this objection.

---

1. Western cites *Intech, Inc. v. Consolidated Freightways, Inc.,* 836 F.2d 672, 674 (1st Cir. 1987), to support that "the spotting of a shipment at the consignee's place of business constitutes delivery regardless of whether the consignee has accepted or rejected the goods." But *Intech,* like *Electro Source,* recognizes that the meaning of "delivery" is ultimately governed by the contract as interpreted according to the parties' intentions. *Id.; see Electro Source, Inc.,* 95 F.3d at 839 & n. 5.

■ If a ruling on a motion in limine is not "explicit and definitive that the evidence is admissible, a party does not preserve the issue of admissibility for appeal absent a contemporaneous objection." *United States v. Archdale,* 229 F.3d 861, 864–65 (9th Cir.2000). The magistrate judge's ruling was not explicit and definitive. He "tentatively den[ied]" Western's motion "subject to appropriate foundation under the Business Record Act" and wrote in his pre-trial order that page three was admissible "upon proper foundation testimony." Though Western's attorney "reserve[d][his] objection until after the attempt to establish a foundation is raised," he did not object when Menlo moved to admit page three into evidence at trial.

■ The magistrate judge did not, as Western claims, preclude Western's truck driver from testifying at trial that he initially reported to a Western Vice President that the driver's side door to his truck was locked when stolen. During trial, Menlo preemptively objected to testimony it expected Western to elicit regarding this statement. The magistrate judge instructed Western that "if it falls within the definition of hearsay, I'm going to exclude it." Western never attempted to lay a foundation for or elicit the testimony at trial. We therefore conclude that the magistrate judge never made the evidentiary ruling that Western objects to on appeal.

### D. Sufficiency of the Evidence

The jury concluded on the special verdict form that it did not believe that the insurance required by the Master Agreement was unavailable "not just to Western Express but to anyone," which was relevant to Western's defense of impossibility. Western argues that this finding was not supported by the evidence. We review a jury verdict for substantial evidence.

*Engquist v. Or. Dep't of Ag.,* 478 F.3d 985, 992 (9th Cir.2007) (citation omitted). "Substantial evidence" is evidence that "reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Bourns, Inc. v. Raychem Corp.,* 331 F.3d 704, 714 (9th Cir.2003) (citation and internal quotations omitted).

■ Western bore the burden of proof to establish that it was impossible for *anyone,* not just Western, to obtain insurance that conformed with the requirements of the 1999 Agreement. *See Oosten v. Hay Haulers Dairy Employees & Helpers Union,* 45 Cal.2d 784, 291 P.2d 17, 20 (1956); *Hensler v. City of Los Angeles,* 124 Cal. App.2d 71, 268 P.2d 12, 21 (1954) (citation omitted). A reasonable person could conclude that Western did not meet its burden to establish that it was impossible for anyone to obtain the insurance required by the 1999 Agreement as the testimony offered by Western was not explicit that the required insurance was not available to companies other than Western.

### E. Jury Verdict Form

■ Western argues that the jury verdict form was confusing. We review the formulation of questions on a special verdict form for abuse of discretion, *see Floyd v. Laws,* 929 F.2d 1390, 1395 (9th Cir. 1991), however, we need not review the verdict form in this case because Western waived its objection by not raising it until its motion for a new trial. *Cf. Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1109–10 (9th Cir.2001) (citing *Home Indem. Co. v. Lane Powell Moss & Miller,* 43 F.3d 1322, 1331 (9th Cir.1995)) (party waives objection to jury form by not challenging it until the jury has rendered its verdict and been discharged). In any case, there is nothing out of the ordinary

about the jury's final answers on the verdict form so as to suggest jury confusion.

The magistrate judge's rulings and the jury's verdict are AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.