MEMORANDUM **
Appellant Hong Van Nguyen appeals his sentence that was imposed after he pleaded guilty to conspiracy to distribute marijuana and possession of a firearm by a person convicted of a felony, pursuant to a plea agreement.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
A. Nguyen’s Sentencing Guideline Calculations
“This court reviews the district court’s interpretation of the Sentencing Guidelines de novo, the district court’s application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court’s factual findings for clear error.” United States v. Kimbrew, 406 F.3d 1149,1151 (9th Cir.2005).
1. Two-level dangerous weapon enhancement
Nguyen contends that the district court erred in applying the two-level dangerous weapon enhancement under U.S.S.G. § 2D1.1, in light of his possession of a firearm. He argues that the application of this enhancement was error because the prosecution agreed not to recommend it in his plea agreement. A stipulation and recommendation in a plea agreement does not bind the district court. U.S.S.G. § 6B1.4(d) (2006). Moreover, Nguyen acknowledged that the district court could disagree with the plea agreement’s stipulated offense level during his plea colloquy. Therefore, the plea agreement has no bearing on the district court’s Guidelines calculation.
Nguyen also contends that the gun enhancement was error because he admit *444 ted to possessing the gun during a different time period than that for which he admitted to involvement in the drug offense. The district court does not need to find a connection between the firearm and the offense, only that the defendant possessed it during the commission of the offense. United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989); see also United States v. Pitts, 6 F.3d 1366, 1373 (9th Cir.1993). The evidence before the district court was ample for it to conclude that Nguyen possessed the gun while the offense was committed. The district court found that Nguyen had participated in a long-running drug conspiracy. The fact that Nguyen had $33,000 in drug proceeds at the house on September 6, 2006 near where the police found the gun further supports the district court’s finding that the conspiracy was ongoing.
Nguyen finally argues that the application of the gun enhancement was impermissible double counting. While the Sentencing Guidelines preclude double counting for 18 U.S.C. § 924(c) convictions, there is no analogous provision for § 922(g) convictions. U.S.S.G. § 2K2.4 cmt. n. 2. “[T]he Sentencing Commission plainly understands the concept of double counting and expressly forbids it where it is not intended.” United States v. Arch-dale, 229 F.3d 861, 869 (9th Cir.2000) (quotation omitted). Further, impermissible double-counting “occurs where one part of the Guidelines is applied to increase a defendant’s punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines.” Id. (quotation omitted). In this ease, the trial court did not apply two parts of the Guidelines for his possession of a weapon cumulatively, and therefore no impermissible double-counting occurred. United States v. Romero, 293 F.3d 1120, 1123 (9th Cir. 2002). The district court did not calculate a separate sentence for his § 922(g) conviction. Thus, any sentence for the § 922(g) conviction in effect ran concurrently to his conviction for conspiracy to distribute marijuana. As such, no double counting occurred.
2. Application of the four-level leadership adjustment
Nguyen contends that the district court erred in applying a four-level leadership adjustment because it did not have a sufficient factual basis to support the adjustment. A district court’s application of a § 3B1.1 adjustment is not clearly erroneous where a defendant tells others to take specific actions, such as what to deliver and where to deliver it. See United States v. Montano, 250 F.3d 709, 715-16 (9th Cir.2001) (discussing the analogous two-level enhancement under § 3Bl.l(c)). Nguyen directed Kanh Dang to deliver drugs, and he directed Trinh Vu to launder money and retrieve it for him. These facts are sufficient to establish the leadership enhancement. See id.
For the first time in his reply brief, Nguyen argues that the district court should have applied a clear and convincing evidentiary standard to the enhancements. Because we will not normally consider an argument raised for the first time before us, and not raised in the district court, and we also will not normally consider an argument not raised in the appellant’s opening brief, this argument is waived. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).
3. Application of the safety-valve adjustment
Nguyen also argues that the district court incorrectly denied him safety valve relief. 18 U.S.C. § 3553(f) provides criteria for a defendant to meet the safety *445 valve adjustment. These criteria include that the defendant was not a leader in the offense and was not engaged in a continuing criminal enterprise and that the defendant has truthfully provided to the government all information and evidence that he has concerning the offense. 18 U.S.C. § 3558(f); see also U.S.S.G. § 5C1.2 (implementing 18 U.S.C. § 3553(f)). The defendant bears the burden of proving safety valve eligibility by a preponderance of the evidence. United States v. Mejia-Pimental, 477 F.3d 1100, 1104 (9th Cir.2007). The district court found that Nguyen did not meet these criteria because he had possessed a firearm in connection with the offense and because he was a leader.
We have already held that the district court correctly applied the firearm enhancement and the leadership enhancement. Therefore, Nguyen did not qualify for the safety valve. See United States v. Ferryman, 444 F.3d 1183, 1186 (9th Cir. 2006).
4. Evidentiary Hearing
Nguyen argues that the district court should have held an evidentiary hearing to determine which adjustments applied. We consider whether the district court complied with Fed. R.Crim. Pro. 32 de novo; we review the decision not to hold an evidentiary hearing for abuse of discretion. United States v. Stein, 127 F.3d 777, 780 (9th Cir.1997). In this case, however, because Nguyen did not request a hearing or object to the district court’s failure to hold one, we review for plain error only. See United States v. Berry, 258 F.3d 971, 976 (9th Cir.2001).
Rule 32 “does not create a ‘general right to an evidentiary hearing at sentencing.’ ” Stein, 127 F.3d at 780 (quoting United States v. Realr-Hemandez, 90 F.3d 356, 362 (9th Cir.1996)). As long as the district court allows a defendant to “rebut the recommendations and allegations of the presentence report either orally or through the submission of written affidavits or briefs, Rule 32 does not require an evidentiary hearing.” Id. at 780-81 (internal quotation omitted).
The district court gave Nguyen the opportunity to rebut the recommendations through written briefs before the sentencing hearing and allowed him to argue his case during the sentencing hearing. Further, while Nguyen made general objections that he did not qualify for the two enhancements and did qualify for safety valve adjustment, he did not specifically contest any facts in the Presentence Report (“PSR”). Therefore, a hearing was not necessary. See United States v. Stoteran, 524 F.3d 988, 1011-12 (9th Cir.2008).
For the first time in his reply brief, Nguyen ai'gues that the second addendum to the PSR was improper because it raised substantial issues in dispute and Nguyen did not receive it more than thirty-five days prior to sentencing. Fed. R.Crim. Pro. 32(e)(2). This argument is waived. See Marsh, 194 F.3d at 1052.
5. The district court’s treatment of the Sentencing Guidelines
Nguyen argues that the district court incorrectly treated the Sentencing Guidelines as binding. See Gall v. United States, — U.S.-, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Specifically, in explaining the Sentencing Guidelines and Booker, the sentencing judge stated that he must determine the Guidelines, decide whether Nguyen qualified for a traditional departure, and then he would consider varying from the Guidelines. In discussing a possible variance, the judge stated: “only if the Court determines that a Guideline sentence does not meet the purposes of sentencing [set out in the 3553(a) factors,] then the Court can proceed and may *446 proceed to impose a non-Guideline sentence pursuant to Booker.”
While this single sentence might be argued to suggest that the judge considered the Sentencing Guidelines binding, his statements and actions during the rest of the sentencing hearing show that he recognized that the Guidelines are advisory. At an earlier hearing, the district court had given Nguyen notice that he was considering sentencing Nguyen to a longer term than the Guidelines allowed. At sentencing, the sentencing judge decided to give a Guidelines sentence based on the Guideline range that he found. As the judge correctly summarized, his ultimate objective was “to impose a sentence that is sufficient, but not more than necessary, to accomplish the reasonable objectives of sentencing.” His consideration of an upward departure illustrates that the sentencing judge was acutely aware of this ultimate objective and did not consider the Guidelines binding upon him.
6. Alleged Breach of Plea Agreement
Nguyen contends that the prosecution undermined its plea agreement when it opposed Nguyen’s request for a safety valve reduction. We review claims for breach of plea agreement de novo. United States v. Mondragon, 228 F.3d 978, 980 (9th Cir.2000).
Nguyen states that the prosecution breached the plea agreement by arguing that Nguyen should not receive a safety valve reduction. The plea agreement specifically stated that the government would not seek either a gun or a leadership enhancement. It also said, however, that the parties were free to argue about the application of any other provisions of the Guidelines.
The prosecution argued that the court should not reduce Nguyen’s Guideline range. While the facts the prosecution relied on to support this argument also supported the enhancements that it had agreed to not seek, the government continued to recommend the agreed-upon Guideline calculations and a sentence at the low-end of that range. This did not breach the plea agreement. See United States v. Cannel, 517 F.3d 1172, 1176-77 (9th Cir. 2008).
Because we determine the district court properly sentenced Nguyen, we do not consider his argument that we remand to a different judge for resentencing.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.