**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Angel Jose BERMUDEZ, Defendant—**
**Appellant.**

**No. 08–50366.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter Jordan Mazza, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Joseph Milchen, Esquire, Frank & Milchen, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

## MEMORANDUM **

Angel Jose Bermudez appeals from the 41–month sentence imposed following his guilty-plea conviction for the transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C.

§ 1324(a)(1)(A)(ii) and (v)(II). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Bermudez contends that the district court erred at sentencing by applying one part of the United States Sentencing Guidelines to increase his punishment on account of a kind of harm that already had been fully accounted for by the application of another part of the Guidelines. This contention is belied by the record. *See United States v. Archdale,* 229 F.3d 861, 869 (9th Cir.2000). It was proper for the district court to consult the Sentencing Guidelines as well as the other factors set forth in 18 U.S.C. § 3553(a). *See United States v. Booker,* 543 U.S. 220, 259–60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Cf. Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2463–65, 168 L.Ed.2d 203 (2007) (recognizing that the Guidelines were designed to try to reflect the factors set forth in § 3553(a)).

■ Bermudez also contends that the district court erred when it denied him a downward departure for his willingness to accept a package plea agreement. We review the sentence for reasonableness. *See United States v. Dallman,* 533 F.3d 755, 761 (9th Cir.2008). In light of the § 3553(a) factors and the totality of the circumstances, we conclude that the sentence was not unreasonable. *See Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007); *Booker,* 543 U.S. at 260–63, 125 S.Ct. 738; *cf. United States v. Marcial–Santiago,* 447 F.3d 715, 717–19 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.