**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30038 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00143-BLW-2 |
| v. | |
| DONOVAN JAMES BOLEN, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30222 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00143-BLW-1 |
| v. | |
| DAVID JOSEPH VON BARGEN, | |
| Defendant - Appellant. | |

Appeals from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted May 12, 2014
Portland, Oregon

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: ALARCÓN, TASHIMA, and IKUTA, Circuit Judges.

Donovan Bolen and David Von Bargen were convicted by separate juries of offenses relating to two fires and the theft of guns from a pawn shop. Bolen appeals various issues arising from his conviction and Von Bargen appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bolen argues that there was insufficient evidence to convict him of violating 18 U.S.C. § 924(c), and thus that the district court erred by denying his motion for acquittal under Federal Rule of Criminal Procedure 29, because the only evidence that he had used or carried a Molotov cocktail to start the two fires was Candace Trunnell's testimony, which lacked credibility. This argument fails. Credibility is a factual issue for the jury to determine, *see United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002), and Trunnell's testimony was not so incredible on its face that it warranted a judgment of acquittal, *see United States v. Rojas*, 554 F.2d 938, 943 (9th Cir. 1977). Accordingly, the district court properly denied Bolen's Rule 29 motion. *See United States v. Yossunthorn*, 167 F.3d 1267, 1270 (9th Cir. 1999).

Nor did the district court abuse its broad discretion under Rule 611 of the Federal Rules of Evidence by allowing the prosecutor to ask Trunnell leading

questions on direct examination, given that Trunnell testified that she was a minor, a close relative of Bolen, and had accompanied Bolen and Von Bargen as they committed their crimes. *See United States v. Archdale*, 229 F.3d 861, 866 (9th Cir. 2000). We may not reverse a district court's decision to permit the use of leading questions unless the decision denied Bolen a fair trial, *United States v. Nelson*, 137 F.3d 1094, 1106 n.8 (9th Cir. 1998), which did not occur here.

The district court also did not abuse its discretion by admitting expert testimony from Special Agent Robert Gantt and Chief Deputy Jeffrey Sands. Gantt's qualifications and explanation of the methodology he employed created a sufficiently reliable foundation for his testimony that 12 of the firearms traveled in interstate commerce. *See United States v. Gann*, 732 F.2d 714, 724 (9th Cir. 1984); *cf. Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). We also reject Bolen's contention that Sands could not testify as an expert because he was not a certified fire investigator. Sands's extensive job experience and formal training in the fire fighting and fire investigation fields qualified him to provide expert testimony regarding the cause and origin of the vehicle and warehouse fires. *See United States v. Alatorre*, 222 F.3d 1098, 1104 (9th Cir. 2000).

We reject Von Bargen's argument that his 420-month sentence, which is the statutory mandatory minimum, constitutes cruel and unusual punishment in

3

violation of the Eighth Amendment. Comparing "the gravity of the offense and the severity of the sentence" in Von Bargen's case leads to the conclusion that the sentence imposed is not grossly disproportionate to the crime Von Bargen committed, given the significant danger posed by the fires. *Graham v. Florida*, 560 U.S. 48, 60 (2010). The Supreme Court has repeatedly held that more severe sentences for less serious, non-violent crimes did not violate the Eighth Amendment. *See, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J., concurring in part and concurring in the judgment) (controlling opinion); *United States v. Williams*, 636 F.3d 1229, 1232–33 (9th Cir. 2011) (collecting Supreme Court cases in which sentences of 25 years to life were not grossly disproportionate to the gravity of non-violent offenses).

**AFFIRMED.**