Callahan, J.,
dissenting:
The district court admitted evidence relating to Plaintiff-Appellant Lolita Scha-gene’s “1997-1998 charges, confinement, competency determination, or treatment,” *674 even though such evidence was precluded by the court’s order granting in part Scha-gene’s Motion in Limine #1. The majority holds that, on this basis, the district court abused its discretion. I conclude otherwise because Schagene opened the door to the otherwise inadmissible evidence through her own witness’ testimony. I therefore would affirm the judgment entered by the district court in favor of Defendant-Appel-lee Mabus and respectfully dissent from the majority’s disposition.
1. Schagene brought a Title VII claim against her former employer Fiddler’s Cove Marina (i.e., the Navy), alleging a hostile work environment. According to Schagene, she endured persistent harassment from 2004 to 2011, causing her emotional distress and exacerbating preexisting mental health conditions. Scha-gene introduced no corroborating evidence for her allegations, and several witnesses contradicted her testimony, A jury found in favor of the Navy. Schagene appeals the district court’s admission of evidence concerning her mental health in 1997 and 1998, and the loss of custody of her children in 1997.
2, At trial, Schagene’s treating psychologist, Dr. Lazar, testified that 25 percent of Schegene’s distress was due to the alleged harassment at Fiddler’s Cove, and that the harassment “worsened” her mental health. Dr. Kalish offered rebuttal testimony, noting that Schagene suffered from continuing mental health conditions that were diagnosed in 1997 and 1998. He also testified that he did not believe that Schagene’s employment at Fiddler’s Cove aggravated these conditions.
A party opens the door to evidence that is otherwise inadmissible to refute other evidence that relies on inaccurate information or is misleading, see United States v. Osazuwa, 564 F.3d 1169, 1175-76 (9th Cir. 2009); United States v. Mendoza-Prado, 314 F.3d 1099, 1105 (9th Cir. 2002), or, more generally, to offer “some evidence of possible lack of credibility,” see United States v. Terry, 760 F.2d 939, 944 (9th Cir. 1985). Dr. Kalish’s testimony was relevant because it undercut Dr. Lazar’s testimony that the alleged harassment caused, at least in part, Schagene’s mental health condition. The district court therefore did not abuse its discretion in admitting it. See id.
3.The district court’s admission of evidence that Schagene lost custody of her children in 1997 is a closer question, but was also not an abuse of discretion. Scha-gene’s loss was a discrete event that occurred seven years prior to the first alleged incidents of harassment at Fiddler’s Cove. The district court could have reasonably concluded that it was temporally too far removed to outweigh any unfair prejudicial effect. But the records of Dr. Lazar, who treated Schagene from 2012 to 2015, showed that Schagene repeatedly discussed losing custody of her children, suggesting that it was a present-day stressor that contributed to her emotional distress. The evidence was therefore relevant to refute Dr. Lazar’s testimony establishing causation. Moreover, once Dr. Lazar testified that the child custody issue was not a current stressor, the content of his reports became proper impeachment evidence. See United States v. Archdale, 229 F.3d 861, 864 (9th Cir. 2000).
As the district court did not abuse its discretion in admitting evidence concerning Schagene’s mental health treatment and loss of child custody, I would affirm the judgment entered by the district court and respectfully dissent.