**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50168 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00521-JAK-4 |
| v. | |
| MEHRAN KHALILI, AKA Mike Khalili, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted February 11, 2021[**]
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

Mehran Khalili appeals his conviction for conspiracy to structure financial

transactions to evade a law that requires banks to report cash deposits in excess of

$10,000 to the federal government. *See* 31 U.S.C. §§ 5313(a), 5324(a)(3); 31

C.F.R. § 1010.311. Because the facts are known to the parties, we repeat them

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

only as necessary to explain our decision.

I

When viewed in the light most favorable to the government, the evidence presented at trial was sufficient to support Khalili's conviction. *See generally United States v. Espinoza-Valdez*, 889 F.3d 654, 656 (9th Cir. 2018) ("We review de novo whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (internal quotation marks omitted)).

A

First, substantial evidence suggests that Khalili was aware of—and hoped to elude—the reporting requirement, including evidence indicating that: he had made dozens of cash deposits of greater than $10,000 into other accounts that had triggered the reporting requirement; he had been told by a teller at the Israel Discount Bank specifically about the reporting requirement; he had told Daryl Cuizon that he wished to avoid depositing amounts greater than $10,000 so the bank wouldn't ask for his identification; and he had helped make hundreds of individual deposits—sometimes on a daily basis—into the 3136 account that often came close to, but never exceeded, the $10,000 threshold. Taken together, such evidence reasonably supports the district court's finding that Khalili held the specific purpose to evade the bank's reporting obligations.

B

Likewise, substantial evidence reasonably supports the district court's finding that Khalili entered into a conspiratorial agreement with Morad Neman to structure the deposits, including evidence indicating that: Morad Neman controlled the 3136 account and Khalili made deposits at Neman's behest; after he was arrested, Khalili said, he was "not going to go down for those guys," which the district court found to be "an apparent reference to Morad and Hersel Neman"; and Cuizon told Khalili that he would need to confer with Morad Neman if he wished to split deposits into amounts below the $10,000 threshold—and Khalili indeed made no deposits in greater amounts. *See, e.g.*, *United States v. Garrison*, 888 F.3d 1057, 1064 (9th Cir. 2018) ("Even though there was no direct evidence that Garrison had entered into an agreement to participate in a drug conspiracy, it is well-established that a jury may infer the existence of an agreement from circumstantial evidence, such as the defendant's conduct." (internal quotation marks omitted)).

II

The district court did not err in allowing the testimony of Daryl Cuizon.

A

The district court did not err, let alone *clearly* err, in finding that Cuizon's testimony was admissible under the inevitable discovery doctrine. *See, e.g.*,

*United States v. Lundin*, 817 F.3d 1151, 1157 (9th Cir. 2016) ("We review the district court's application of the inevitable discovery doctrine for clear error because, although it is a mixed question of law and fact, it is essentially a factual inquiry." (internal quotation marks omitted)).  Indeed, the district court's finding that the natural course of the investigation would have unearthed Cuizon's testimony is well supported in the record.  For example, prior to the unlawful search, investigators had already found significant evidence leading them toward Cuizon and indicating her role in managing cash for Morad Neman, thus solidifying her position as a potentially valuable witness.  And, when she was approached by investigators, Cuizon readily cooperated and freely divulged information against Khalili during the interview.  Khalili has not demonstrated how any changes in the particular circumstances of that interview would have materially changed Cuizon's willingness to participate or the information that she ultimately disclosed.

B

The court did not commit plain error in allowing Cuizon's testimony despite the parties' pretrial stipulation.[1]  *See United States v. Wells*, 879 F.3d 900, 925 (9th

---

[1] Khalili's motion in limine seeking to exclude Cuizon's testimony was not sufficient to preserve this issue for appeal because it did not result in any "thorough examination" or "explicit and definitive ruling by the district court" on the meaning and effect of the parties' stipulation—or on the critical question of whether the stipulation imposed an independent barrier to admissibility that went

Cir. 2018) ("Admission of evidence to which there was no objection raised below is reviewed for plain error."). Although the terms of the stipulation might appear to bar all testimony from Cuizon related to the 3136 account, the stipulation can fairly be read to bar only the admission of specific pieces of evidence that were unlawfully seized or testimony that directly related to such evidence. Because Cuizon's testimony did not discuss any illegally seized evidence, the court did not plainly err in finding that the stipulation imposed no impediment to its admission at trial.

**AFFIRMED.**

---

beyond the scope of the exclusionary rule itself. *See United States v. Archdale*, 229 F.3d 861, 864 (9th Cir. 2000).