**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30058 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00070-SPW-1 |
| v. | |
| DONALD RAY GARDNER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 28, 2023[**]
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and GUTIERREZ,[***] Chief
District Judge.

Donald Gardner was convicted of aggravated sexual abuse of a child and

abusive sexual contact in violation of 18 U.S.C. §§ 2241(c) and 2244(a)(5). We

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Philip S. Gutierrez, Chief United States District Judge
for the Central District of California, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291 over this appeal challenging his conviction and sentence, and we affirm.

1. Gardner contends that the district court erred by denying his Rule 29(a) motion for a judgment of acquittal. Reviewing de novo, *see United States v. Hursh*, 217 F.3d 761, 767 (9th Cir. 2000), we find no error.

Gardner does not dispute that if he "engaged in the activities described by the victim[s] in [their] testimony[,] he committed the crimes charged in the . . . indictment." *United States v. Archdale*, 229 F.3d 861, 867 (9th Cir. 2000). And, "viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt" that Gardner committed the crimes of conviction. *United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (en banc). The victims' testimony alone was sufficient to support the jury verdicts. *See United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015). Although Gardner characterizes that testimony as "impeachable," we "must respect the exclusive province of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." *United States v. Endicott*, 803 F.2d 506, 515 (9th Cir. 1986) (quoting *United States v. Ramos*, 558 F.2d 545, 546 (9th Cir. 1977)).

2. Reviewing for plain error, *see United States v. Valencia-Barragan*, 608

2

F.3d 1103, 1108 (9th Cir. 2010), we find no procedural unreasonableness in Gardner's sentencing. The record belies Gardner's contention that the "district court completely ignored his mitigation" and proceeded without "considering the defendant-specific facts." The district court considered how long ago the crimes occurred, the absence of serious intervening convictions, Gardner's participation in an addiction recovery program, and a psychosexual evaluation. The district court "simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." *Rita v. United States*, 551 U.S. 338, 358 (2007).

3. We review the substantive reasonableness of a sentence for abuse of discretion, *Valencia-Barragan*, 608 F.3d at 1108, and find none. "[T]he sentence based on this record is not 'illogical, implausible, or without support.'" *United States v. Martinez-Lopez*, 864 F.3d 1034, 1044 (9th Cir. 2017) (en banc) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)). A "Guidelines sentence 'will usually be reasonable,'" *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008) (en banc) (quoting *Rita*, 551 U.S. at 351), and the district court addressed the relevant 18 U.S.C. § 3553(a) factors.

**AFFIRMED**.